## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**AMENDED CIVIL MINUTES - GENERAL**

Case No.   8:22-cv-827-JVS-KESx          Date   December 12, 2022

Title   Santos Electronics, Inc. v. Outlaw Audio, LLC et al.

Present: The Honorable   **James V. Selna, U.S. District Court Judge**

| Lisa Bredahl | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**   **[IN CHAMBERS] <u>Amended Order Regarding Outlaw's Motion for Preliminary Injunction [34]</u>**

Defendant/Counterclaimant Outlaw Audio, LLC ("Outlaw") moves for a preliminary injunction enjoining Plaintiff/Counter-Defendant Santos Electronics Inc. dba OSD Audio ("OSD Audio") from selling products containing user manuals that infringe Outlaw's copyright, falsely representing OSD Audio products' specifications, and falsely representing that OSD Audio and Outlaw's products are similar.  Mot., Dkt. No. 34-1.[1] OSD Audio opposed.  Opp'n, Dkt. No. 37.  Outlaw replied.  Dkt. No. 44.

On October 12, 2022, the Court posted a tentative order denying Defendant/Counterclaimant Outlaw's Motion for Preliminary Injunction.  On October 18, 2022, Outlaw filed a request for oral argument.  Dkt. 50.  It advanced several arguments in support, including that the Court erred in failing to apply a "presumption of likely commercial injury" and a presumption of irreparable harm.  <u>Id.</u> at 1–3.  It also submitted further evidence to support the issue of ownership and authorship.  <u>Id.</u> at 4.

The Court granted Outlaw's request for oral argument on October 19, 2022.  Dkt. No. 52.  The parties appeared for oral argument on October 24, 2022.

For the following reasons, Outlaw's Motion for Preliminary Injunction is **DENIED**.

---

[1] The notice and motion are contained in Docket No. 34.  The Court will refer to the memorandum of points and authorities, Dkt. No. 34-1, as the motion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**AMENDED CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:22-cv-827-JVS-KESx | Date | December 12, 2022 |

| | |
|---|---|
| Title | Santos Electronics, Inc. v. Outlaw Audio, LLC et al. |

## I. BACKGROUND

Defendant/Counterclaimant Outlaw is a Massachusetts-based developer and direct-to-consumer retailer of audio and video products. Decl. of Jonathan Lederman ("Lederman Decl."), Dkt. No. 34-3, ¶ 3. Plaintiff/Counter-Defendant OSD Audio is a California corporation also in the business of developing and selling audio products. Decl. of Dave Chai ("Chai Decl."), Dkt. No. 37-1, ¶ 2; Compl., Dkt. No. 1, ¶ 1. Both companies offer competing models of multichannel amplifiers: Outlaw sells the Model5000 and Model5000x, and OSD Audio sells the OSD5500 and XA5180 (collectively "OSD5180"). Lederman Decl. ¶ 5; Chai Decl. ¶¶ 2, 6. Outlaw and OSD Audio sell their respective multichannel amplifiers on online marketplaces such as Amazon.com ("Amazon"). Compl. ¶ 14.

In March 2022, OSD Audio alleges that Outlaw employee and Defendant Benjamin Brewer sent Amazon a complaint that claimed OSD Audio "stole[] [Outlaw's] IP relating to custom images and written content" with regards to the OSD5180 user manual. Id. ¶ 15; Chai Decl. ¶ 13. In turn, Amazon removed the OSD5180 from its marketplace. Compl. ¶ 19. Although OSD Audio denied Outlaw's claims, it redesigned its user manual, and on April 7, 2022, Amazon reinstated the OSD5180. Id. ¶¶ 20, 22; Chai Decl. ¶ 17.

However, on April 9, 2022, Outlaw employee and Defendant Lederman filed a new takedown complaint alleging again that the OSD5180 user manual "pirated large sections of the text and custom images from the [Outlaw Model5000] manual." Compl. ¶ 24. Although Amazon briefly removed the OSD5180 from its marketplace, it reinstated the product on April 12, 2022. Id. ¶¶ 27-28. Nonetheless, on April 13, 2022, Lederman again filed a takedown complaint with Amazon alleging copyright infringement in the OSD5180 user manual, and while Amazon briefly removed the OSD5180, it ultimately reinstated the product on April 15, 2022. Id. ¶¶ 29-32.

On April 18, 2022, OSD Audio filed its complaint against Outlaw alleging one claim for misrepresentation under the Digital Millennium Copyright Act ("DMCA"). See generally Compl. In its answer, Outlaw counterclaimed, alleging false advertising and unfair competition under the Lanham Act, copyright infringement, and trade libel against OSD Audio. See Answer, Dkt. No. 19. Outlaw now seeks to enjoin OSD Audio from (1) engaging in further infringement of the Model5000 user manual, (2) falsely representing

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**AMENDED CIVIL MINUTES - GENERAL**

| Case No. | 8:22-cv-827-JVS-KESx | Date | December 12, 2022 |
|---|---|---|---|

| Title | Santos Electronics, Inc. v. Outlaw Audio, LLC et al. | | |

the OSD5180; (3) falsely representing that the Model5000 and OSD5180 are similar products; and (4) falsely disparaging the quality of Outlaw's products to third parties like Amazon.  Mot. at 7.

## II. Legal Standard

A preliminary injunction is an "extraordinary remedy never awarded as of right." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 24.  On an application for a preliminary injunction, the moving party has the burden to establish that (1) the moving party is likely to succeed on the merits, (2) the moving party is likely to suffer irreparable harm if the preliminary relief is not granted, (3) the balance of equities favors the plaintiff, and (4) the injunction is in the public interest.  Id. at 20.

In the Ninth Circuit, the Winter factors may be evaluated on a sliding scale: "serious questions going to the merits, and a balance of hardships that tips sharply toward the [moving party] can support issuance of a preliminary injunction, so long as the [moving party] also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1134-35 (9th Cir. 2011).  Serious questions are those "which cannot be resolved one way or the other at the hearing on the injunction." Bernhardt v. Los Angeles Cty., 339 F.3d 920, 926 (9th Cir. 2003) (quoting Republic of the Philippines v. Marcos, 862 F.2d 1355, 1362 (9th Cir. 1988)).

Moreover, in the Ninth Circuit, the moving party may meet this burden if it "demonstrates either a combination of probable success on the merits and the possibility of irreparable injury or that serious questions are raised and the balance of hardships tips sharply in his favor." Johnson v. Cal. State Bd. of Accountancy, 72 F.3d 1427, 1429 (9th Cir. 1995) (internal quotations and citation omitted).  "To reach this sliding scale analysis, however, a moving party must, at an 'irreducible minimum,' demonstrate some chance of success on the merits." Global Horizons, Inc. v. U.S. Dep't of Labor, 510 F.3d 1054, 1058 (9th Cir. 2007) (citing Arcamuzi v. Cont'l Air Lines, Inc., 819 F.3d 935, 937 (9th Cir. 1987).  In ruling on an application for preliminary injunction, the court may consider evidence that would not be admissible at trial.  See, e.g., Johnson v. Couturier, 572 F.3d 1067, 1083 (9th Cir. 2009) ("A district court may . . . consider hearsay in deciding whether to issue a preliminary injunction.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**AMENDED CIVIL MINUTES - GENERAL**

| Case No. | 8:22-cv-827-JVS-KESx | Date | December 12, 2022 |
|---|---|---|---|

| Title | Santos Electronics, Inc. v. Outlaw Audio, LLC et al. |
|---|---|

A preliminary injunction, moreover, may only be awarded "upon a clear showing" of evidence that supports each relevant preliminary injunction factor. Winter, 555 U.S. at 22. This "clear showing" requires "factual support beyond the allegations of the complaint, but the evidence need not strictly comply with the Federal Rules of Evidence." CI Games S.A. v. Destination Films, No. 16-CV-05719, 2016 WL 9185391, at *11 (C.D. Cal. Oct. 25, 2016) (citing Flynt Distrib. Co., Inc. v. Harvey, 734 F.2d 1389, 1394 (9th Cir. 1984)).

A party seeking a preliminary injunction must show more than the "possibility" of irreparable injury; the party must demonstrate that irreparable injury is "likely" in the absence of preliminary relief. Winter, 555 U.S. at 22; Am. Trucking, 559 F.3d at 1052. It is not enough that the claimed harm be irreparable—it also must be imminent. Caribbean Marine Servs. Co. v. Baldrige, 844 F.2d 668, 674 (9th Cir. 1988). Further, "a plaintiff must "demonstrate" immediate threatened injury as a prerequisite to preliminary injunctive relief, rather than merely allege imminent harm. Id. Conclusory affidavits are insufficient to demonstrate irreparable harm. Am. Passage Media Corp. v. Cass Commc'ns, Inc., 750 F.2d 1470, 1473 (9th Cir. 1985).

## III. Discussion

As a threshold matter, Outlaw objects to several portions of the Dave Chai Declaration, Simon Spears Declaration, James Li Declaration, and Exhibits 1 to 3, 8B, 13A, and 15 submitted in opposition to the motion for preliminary injunction on various evidentiary objections. Reply, Dkt. 44. OSD Audio responded. Response, DKt. No. 45.

A preliminary injunction is "customarily granted on the basis of procedures that are less formal and evidence that is less complete than in a trial on the merits." Univ. of Texas v. Camenisch, 451 U.S. 390, 395 (1981). Therefore, the Federal Rules of Evidence do not strictly apply to preliminary injunction proceedings. Etereo Spirits, LLC v. Ling, No. 21-00302, 2021 U.S. Dist. LEXIS 116048, at *5 (C.D. Cal. Apr. 22, 2021). The Court may give weight to inadmissible evidence when doing so serves the purpose of preventing irreparable harm before trial. Johnson v. Couturier, 572 F.3d 1067, 1083 (9th Cir. 2009) (citing Flynt Distrib. Co. v. Harvey, 734 F.2d 1380, 1394 (9th Cir. 1984)). This flexibility exists because "[t]he urgency of obtaining a preliminary injunction necessitates a prompt determination" and makes it difficult for a party to procure supporting evidence in a form that would be admissible at trial. Id. "While district courts

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**AMENDED CIVIL MINUTES - GENERAL**

| Case No. | 8:22-cv-827-JVS-KESx | Date | December 12, 2022 |

| Title | Santos Electronics, Inc. v. Outlaw Audio, LLC et al. |

may consider inadmissible evidence in the context of a preliminary injunction, this does not mean that evidentiary issues have no relevance to this proceeding. Such issues, however, properly go to weight rather than admissibility." Am. Hotel & Lodging Ass'n v. City of L.A., 119 F .Supp. 3d 1177, 1185 (C.D. Cal. 2015).

The Court therefore declines to rule on the evidentiary objections raised by Outlaw and will consider the evidence presented—both in the declarations of the parties and via their exhibits—in light of the aforementioned standard.

### A.    Likelihood of Success On the Merits

Outlaw alleges false advertising and unfair competition under the Lanham Act, copyright infringement, and trade libel against OSD Audio.  See Answer.  The gravamen of Outlaw's counterclaims is that (1) OSD Audio copied the Model5000's user manual for its OSD5180 multichannel amplifier and (2) OSD Audio misrepresents the signal-to-noise ratio of the OSD5180.  See Answer ¶¶ 36–110; Mot. at 18–20.

### 1.    Lanham Act Claims

As a preliminary matter, the Lanham Act concerns commercial advertising and promotion, defined as "(1) commercial speech, (2) by a defendant who is in commercial competition with plaintiff, (3) for the purpose of influencing consumers to buy defendant's goods or services, and (4) that is sufficiently disseminated to the relevant purchasing public." Ariix, LLC v. NutriSearch Corp., 985 F.3d 1107, 1115 (9th Cir. 2021).  Although the law is not "clear" about "what type of speech qualifies as commercial speech," United States v. Schiff, 379 F.3d 621, 626 (9th Cir. 2004), the Supreme Court offers three non-exhaustive factors[2] to consider when making the determination: (1) whether the speech is an advertisement, (2) whether the speech refers to a particular product, and (3) whether the speaker has an economic motivation for publication.  Bolger v. Youngs Drug Prod. Corp., 463 U.S. 60, 66 (1983).

---

[2] The Court refers to this as the "Bolger factors."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**AMENDED CIVIL MINUTES - GENERAL**

| Case No. | 8:22-cv-827-JVS-KESx | Date | December 12, 2022 |
|---|---|---|---|

| Title | Santos Electronics, Inc. v. Outlaw Audio, LLC et al. |
|---|---|

Here, Outlaw's claims regarding the OSD5180 user manual do not fall within the Lanham Act's purview. Specifically, Outlaw argues that the OSD5180 user manual's references to the product's LED blue ring on the front panel and two-way remote manual / trigger switch are literally false because the OSD5180 does not posses these features. Mot. at 24. However, "[n]ot all commercial speech is promotional." Prager Univ. v. Google LLC, 951 F.3d 991, 1000 (9th Cir. 2020). Statements in a user manual are "made to explain a user tool, not for a promotional purpose to penetrate the relevant market of the viewing public." Id. (citation omitted).

As such, under the first Bolger factor, the OSD5180 manual is not an advertisement, but rather a means to help the user operate the multichannel amplifier. See id. (statements "in the terms of service, community guidelines, and contracts are not advertisements or a promotional campaign."); see also Interlink Prods. Int'l, Inc. v. Cathy Trading, LLC, No. 16-2153, 2017 WL 931712, at *5 (D.N.J. Mar. 9, 2017) ("[I]nstruction manuals are not advertisements or promotions.").

Similarly, under the third Bolger factor, OSD Audio did not publish the OSD5180 user manual for economic advantage, but rather to teach its customers how to use its product. At oral argument, Outlaw argued that the OSD5180 user manual is nonetheless still part of a consumer's purchasing decision because consumers now make their decisions on the Internet, where they can view the manual concurrently with the description of the product. Because the manual contains "advertising features," Outlaw argues that the manual is part of a consumer's purchasing decision. The Court finds Outlaw's arguments unavailing. In the Court's view, a manual's primary purpose and driving use is still educational. Thus, because the OSD5180 user manual does not constitute a commercial advertisement or commercial speech for purposes of the Lanham Act, Outlaw cannot proceed to the substance of its false advertisement or unfair competition claims based on this argument.

### i.    False Advertising

To prevail on a Lanham Act claim for false advertising, a party must show

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**AMENDED CIVIL MINUTES - GENERAL**

Case No.    8:22-cv-827-JVS-KESx                    Date    December 12, 2022

Title    Santos Electronics, Inc. v. Outlaw Audio, LLC et al.

> (1) a false statement of fact by the [opposing party] in a
> commercial advertisement about its own or another's
> product; (2) the statement actually deceived or has the
> tendency to deceive a substantial segment of its audience;
> (3) the deception is material, in that it is likely to
> influence the purchasing decision; (4) the [opposing
> party] caused its false statement to enter interstate
> commerce; and (5) the [moving party] has been or is
> likely to be injured as a result of the false statement,
> either by direct diversion of sales from itself to [the
> opposing party] or by a lessening of the goodwill
> associated with its products.

Southland Sod Farms v. Stover Seed Co., 108 F.3d 1134, 1139 (9th Cir. 1997); 15 U.S.C.
1125(a)(1)(B).  "To demonstrate falsity within the meaning of the Lanham Act, a plaintiff
may show that the statement was literally false, either on its face or by necessary
implication, or that the statement was literally true but likely to mislead or confuse
consumers."  Southland Sod Farms, 108 F.3d 1139.  To determine whether an advertising
claim is literally false, the advertisement "must always be analyzed in its full context."
Id.  The statement at issue must be more than mere "puffery," id. at 1145; it must be
"clearly one of fact, able to be proven true or false."  Coastal Abstract Serv., Inc. v. First
Am. Title Ins. Co., 173 F.3d 725, 732 (9th Cir. 1999).  Additionally, while the Ninth
Circuit has yet to rule definitively on the issue, courts in this circuit have presumed
consumer deception and materiality when a statement is literally false.  See Jerome's
Furniture Warehouse v. Ashley Furniture Indus., Inc., No. 20CV1765, 2021 WL 1541649
at *6 (S.D. Cal. Apr. 20, 2021) ("Because Plaintiff alleged that Defendant's
advertisements are literally false, the court may presume that actual deception and
materiality are sufficiently alleged"); Russell v. Walmart Inc., No. CV 19-5495, 2020 WL
9073046, at *12 (C.D. Cal. Oct. 16, 2020).

Here, Outlaw does not satisfy its burden with regards to OSD5180's signal-to-
noise ratio statements.  Outlaw presents evidences demonstrating that OSD Audio
advertises the OSD5180's signal-to-noise ratio as 115 decibels on third-party websites
such as Walmart, eBay, and Outdoor Speaker Depot.  Mot. at 18–20; see Exs. AA–CC,
Dkt. No. 35.  Nonetheless, OSD Audio concedes that the OSD5180's signal-to-noise ratio

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**AMENDED CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:22-cv-827-JVS-KESx | Date | December 12, 2022 |

| | |
|---|---|
| Title | Santos Electronics, Inc. v. Outlaw Audio, LLC et al. |

is 104 decibels.  Opp'n at 21–22; Decl. of Simon Spears ("Spears Decl."), Dkt. No. 37-2, ¶ 25.  As such, Outlaw demonstrates that OSD Audio made a literally false statement of fact regarding its OSD5180's signal-to-noise ratio in a commercial advertisement that entered interstate commerce.  See Southland Sod Farms, 108 F.3d at 1139.  It may be presumed, then, that OSD Audio's statements are material and actually deceived consumers.  See Jerome's Furniture Warehouse, 2021 WL 1541649, at *6.

However, Outlaw presents no evidence that it is likely to face injury from loss of sales or goodwill based on the OSD5180's signal-to-noise ratio misrepresentation.  See Ins. King Agency, Inc. v. Digital Media Sols., LLC, No. 21-cv-01539, 2022 WL 2759072, at *5 (S.D. Cal. July 14, 2022) (denying preliminary injunction where plaintiff failed to produce evidence demonstrating a direct diversion of sales or loss of goodwill).  Although Outlaw claims that a product's signal-to-noise ratio "impact[s] a consumer's purchasing decision," Mot. at 24, it presents no evidence, such as a consumer survey or figures of lost sales, suggesting that OSD Audio's misrepresentation has a negative effect on Outlaw's business.  See CKE Rest. v. Jack in the Box, Inc., 494 F. Supp. 2d 1139, 1145 (C.D. Cal. 2007) (denying preliminary injunction despite plaintiff's consumer survey evidence demonstrating potential likelihood of harm).  In effect, Outlaw's arguments regarding a likelihood of injury are "grounded in platitudes rather than evidence."  Herb Reed Enterprises, LLC v. Fla. Ent. Mgmt., Inc., 736 F.3d 1239, 1250 (9th Cir. 2013).

Outlaw raised two arguments in its request for hearing disputing its burden to present evidence of injury in its request for hearing after the Court posted its tentative order on this motion for preliminary injunction: (1) there is Ninth Circuit case law to suggest that where plaintiffs and defendants are direct competitors and there is a literal false statement by a competitor, actual injury may be presumed; and (2) the 2020 amendment to the Lanham Act provides that upon finding a likelihood of success on the merits in a motion for preliminary injunction, the moving party shall be entitled to a rebuttable presumption of irreparable harm.

However, having reviewed Outlaw's moving papers, the Court finds Outlaw improperly raises new these arguments and case law for the first time in its request for hearing.  A party may not raise new arguments or present new evidence if it could have reasonably raised them earlier.  Kona Enters., Inc. v. Estate of Bishop, 229 F.3d 877, 890

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**AMENDED CIVIL MINUTES - GENERAL**

| Case No. | 8:22-cv-827-JVS-KESx | Date | December 12, 2022 |
|---|---|---|---|

| Title | Santos Electronics, Inc. v. Outlaw Audio, LLC et al. |
|---|---|

(citing <u>389 Orange St. Partners v. Arnold</u>, 179 F.3d 656, 665 (9th Cir. 1999)). If Outlaw wishes to pursue these arguments, it may do so in a request for reconsideration and explain why it could not have raised such arguments in its moving papers. Of course, reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." <u>Kona Enters.</u>, 229 F.3d at 890.

As such, Outlaw does not satisfy its burden of demonstrating a likelihood of success on the merits for its false advertising claim based on the OSD5180's signal-to-noise ratio.

### ii.    Unfair Competition

To prevail on a Lanham Act claim for unfair competition, a party must show that the defendant "uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which is likely to cause confusion." 15 U.S.C. 1125(a)(1)(A).

Here, many of Outlaw's arguments in support of its unfair competition claim revolve around representations made in the OSD5180 user manual. Because the user manual is not commercial speech for purposes of the Lanham Act, Outlaw's arguments are unavailing. And while Outlaw presents one example of a customer confusing the OSD5180 and Model5000, noting the amplifiers "look exactly the same" and "have the exact same spec[ifications]," Ex. J, Dkt. No. 35, there is no evidence this confusion resulted from the specific misrepresentation of the OSD5180's signal-to-noise ratio. As a result, Outlaw fails to demonstrate a likelihood of success on the merits of its unfair competition claim.

### 2.    Copyright Infringement

To establish a claim for copyright infringement, a party must (1) "show ownership of the allegedly infringed material" and (2) "demonstrate that the alleged infringers

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**AMENDED CIVIL MINUTES - GENERAL**

| Case No. | 8:22-cv-827-JVS-KESx | Date | December 12, 2022 |
|---|---|---|---|

| Title | Santos Electronics, Inc. v. Outlaw Audio, LLC et al. |
|---|---|

violate at least one exclusive right granted to copyright holders under 17 U.S.C. § 106." Disney Enterprises, Inc. v. VidAngel, Inc., 869 F.3d 848, 856 (9th Cir. 2017). "A copyright registration is prima facie evidence of the validity of the copyright and the facts stated in the certificate." United Fabrics Int'l, Inc. v. C&J Wear, Inc., 630 F.3d 1255, 1257 (9th Cir. 2011); 17 U.S.C. § 410(c). However, the presumption of validity does not attach if copyright registration occurs more than five years after the work's first publication. 17 U.S.C. § 410(c). Additionally, "[t]o rebut the presumption [of validity], an infringement defendant must simply offer some evidence or proof to dispute or deny the plaintiff's prima facie case of infringement." United Fabrics, 630 F.3d at 1257.

### i.    Ownership

Here, OSD Audio disputes Outlaw's ownership over the Model500 Manual. Opp'n at 10. Outlaw provides a certificate of registration from the United States Copyright Office for the Model5000 user manual effective on May 18, 2022. Ex. A ("Copyright Certificate & Model5000 Manual"), Dkt. No. 35; see 17 U.S.C. 410(d) (" The effective date of a copyright registration is the day on which an application, deposit, and fee, which are later determined by the Register of Copyrights or by a court of competent jurisdiction to be acceptable for registration, have all been received in the Copyright Office."). However, the certificate states that the date of the Model5000 user manual's first publication is January 23, 2015, more than five years prior to its registration with the copyright office. Accordingly, Outlaw is not entitled to the presumption that its copyright of the Model5000 user manual is valid because Outlaw registered the user manual beyond the five year period provided by 17 U.S.C. § 410(c).

Given that Outlaw is not entitled to the presumption of validity, the burden falls on Outlaw as the party claiming copyright infringement to establish a likelihood of ownership. Both parties submit evidence over the dispute of Outlaw's ownership over the Model5000 manual copyright.

OSD Audio presents evidence that questions the originality of the Model5000 user manual. "Originality remains the *sine qua non* of copyright; accordingly, copyright protection may extend only to those components of a work that are original to the author." Feist Publications, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 348 (1991). Here, OSD Audio argues that Outlaw copied the Model5000 user manual from the manual of a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**AMENDED CIVIL MINUTES - GENERAL**

| Case No. | 8:22-cv-827-JVS-KESx | | Date | December 12, 2022 |
|---|---|---|---|---|

| Title | Santos Electronics, Inc. v. Outlaw Audio, LLC et al. | |
|---|---|---|

different multichannel amplifier brand: the Carver HTA5A. Opp'n at 14–16. It argues that Homni Integ Electronics ("Homni"), which owns Carver and manufactures multichannel amplifiers, licensed the design of the Carver HTA5A to OSD Audio and Outlaw. Chai Decl. ¶¶ 2, 10, 16; Spears Decl. ¶ 4. As such, "before the commercial launch of OSD5180, Homni provided [OSD Audio] with all the specification materials for the Carver HTA5A including the user manual." Chai Decl. ¶ 8.

First, OSD Audio points to the similarities between the Homni's manual and Outlaw's manual as proof of Outlaw's copying. The Carver HTA5A user manual is strikingly similar to the Model5000 user manual, containing nearly verbatim text entries, as well as sharing similar color schemes and design layouts. Compare Copyright Certificate & Model5000 Manual, Dkt. No. 35, with Ex. 8A ("Carver HTA5A Manual"), Dkt. No. 37-3.



**Carver HTA5A Manual**



**Model500 Manual**

Second, OSD Audio points to the metadata of the Carver HTA5A Manual as proof that the manual was created by Homni and not copied from Outlaw's manual. The Carver HTA5A user manual's metadata suggests that a version of the Homni manual

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**AMENDED CIVIL MINUTES - GENERAL**

| Case No. | 8:22-cv-827-JVS-KESx | Date | December 12, 2022 |
|---|---|---|---|

| Title | Santos Electronics, Inc. v. Outlaw Audio, LLC et al. |
|---|---|

circulated in May 3, 2014, more than six months before the Outlaw's Model5000 user manual's date of first publication. Ex. 8B ("Carver HTA5A Metadata"), Dkt. 37-3; Copyright Certificate & Model5000 Manual at 6. Outlaw argues the metadata merely shows the date that a particular file is copied onto a computer, not authorship or ownership. Reply at 2.

But Outlaw points to evidence predating May 3, 2014, indicating that it sent a copy of the manual to Homni in September 2013—*before* Homni circulated its Carver HTA5A manual. First, it presents an invoice dated showing that work had been completed for the manual on September 10, 2013. Lederman Decl. Ex. GG, at 1. It also presents an email dated March 28, 2014—approximately two months before the Homni circulated its manual—attaching a final version of the Outlaw's instruction manual. Id. Ex. FF, at 1. Outlaw further submits a declaration from its managing partner, declaring that it created the manual "with portions" of the work done pursuant to a work-for-hire agreement. Lederman Decl. ¶ 3. Based on the foregoing, Outlaw contends that it was the one who drafted the manual and sent a copy to its agent who provided the copy to Homni. Reply at 3.

Next, OSD Audio contends that even if Outlaw can demonstrate ownership, it has failed to demonstrate a likelihood of *sole* ownership over the manual. OSD Audio's theory is that Homni owned at least part of the copyright, and thus, Homni "licensed" the portion it owned to OSD Audio. Opp'n at 12. Under this theory, OSD Audio could not have committed copyright infringement because it had a license from Homni to use some elements of the manual. However, OSD Audio points to no evidence of joint ownership, other than to point out the similarities between the designs. OSD Audio's theory is largely speculative.

The Court acknowledges that these competing theories of ownership raise some doubts as to whether Outlaw is the original author of the Model500. However, having looked closely at the evidence submitted by both parties, the Court is ultimately persuaded by Outlaw's explanation and evidence, which strongly suggest that Outlaw's creation of the Model5000 manual was at least part of a work-for-hire agreement. On balance, the OSD Audio's circumstantial evidence of Outlaw's "copying" is rebutted by Outlaw's evidence, which establishes a likelihood of Outlaw's ownership over the material.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**AMENDED CIVIL MINUTES - GENERAL**

Case No.    8:22-cv-827-JVS-KESx                    Date    December 12, 2022

Title    Santos Electronics, Inc. v. Outlaw Audio, LLC et al.

Given that Outlaw has demonstrated a likelihood of success over demonstrating ownership over material, the Court next considers whether Outlaw will likely be able to prove copying of an expression protected by copyright.

### ii.    Copying of Protectable Elements

To determine whether a party has engaged in copyright infringement in the Ninth Circuit, courts must engage in a two-step filtering analysis: "At the initial 'extrinsic' stage, we examine the similarities between the copyrighted and challenged works and then determine whether the similar elements are protectable or unprotectable. . . . When the unprotectable elements are 'filtered' out, what's left is an author's particular expression of an idea, which most definitely is protectable." Mattel, Inc. v. MGA Entm't, Inc., 616 F.3d 904, 913 (9th Cir. 2010).

Copyright protection does not "extend to any idea, procedure, process, system, method of operation, concept, principle, or discovery, regardless of the form in which it is described, explained, illustrated, or embodied in such work." 17 U.S.C. § 102(b).   Only the *expression* of an idea or process may by protected by copyright. See 37 C.F.R. § 202.1(b) (noting as unprotectable "[i]deas, plans, methods, systems, or devices, as distinguished *from  the particular manner in which they are expressed* or described in a writing") (emphasis added).  Moreover, "factual works" receive only "thin" copyright protection.  Feist Publ'ns, Inc., 499 U.S. at 349.  This is because those who wish express the ideas contained in a factual work often can choose from only a "narrow range of expression." Id.

However, "verbatim reproduction" or "very close paraphrasing" of the factual work can nonetheless constitute infringement.  Landsberg v. Scrabble Crossword Game Players, Inc., 736 F. 2d 485, 488 (9th Cir. 1984) (citing 1 M. Nimmer, Nimmer on Copyright, § 2:11 [A]-[B] (1968)).

Here, OSD Audio contends no aspect of the Model5000 is subject to copyright protection because a user manual is "largely a utilitarian writing" to describe products and instruct users on how to correctly use a product.  Opp'n at 13 (citing 17 U.S.C. § 102).   The manuals at issue contain numerous factual descriptions on how to use and operate the audio amplifier products.  Thus, the manual is afforded only "thin" copyright

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**AMENDED CIVIL MINUTES - GENERAL**

| Case No. | 8:22-cv-827-JVS-KESx | Date | December 12, 2022 |
|---|---|---|---|

| Title | Santos Electronics, Inc. v. Outlaw Audio, LLC et al. |
|---|---|

protection.   Having reviewed the relevant comparisons between OSD's A5500 and XA5190 Manual and Outlaw's Model5000 Manual, see Mot. at 4, it appears that a large swath of the instruction text has been copied verbatim.  The photos and diagrams are also strikingly similar.  Therefore, it appears that OSD Audio's manual copied or closely adapted substantial portions of the text, diagrams, and photos of Outlaw's manual.  Thus, notwithstanding the manual's "thin" copyright protection and that a majority of the "copied" elements are those that are largely "utilitarian" in nature, the Court finds that Outlaw has demonstrated a likelihood of success on the merits as to its copyright claim because it appears that OSD Audio engaged in verbatim copying.

### 3.    Trade Libel

"To prevail in a claim for trade libel, a plaintiff must demonstrate that the defendant: (1) made a statement that disparages the quality of the plaintiff's product; (2) that the offending statement was couched as fact, not opinion; (3) that the statement was false; (4) that the statement was made with malice; and (5) that the statement resulted in monetary loss." Optinrealbig.com, LLC v. Ironport Sys., Inc., 323 F. Supp. 2d 1037, 1048 (N.D. Cal. 2004); see Aetna Cas. & Sur. Co. v. Centennial Ins. Co., 838 F.2d 346, 351 (9th Cir. 1988) ("The cause of action for trade libel thus requires: (1) a publication, (2) which induces others not to deal with plaintiff, and (3) special damages.").

The basis of Outlaw's trade libel claim concerns a complaint made by OSD Audio's Chai to Amazon in which Chai claimed that an Outlaw Model7000x he purchased from the retailer was defective.  Mot. at 15–16.  Outlaw claims that the complaint caused Amazon to remove Outlaw's "Big Box" feature from the platform, a "function that allows Amazon customers to easily add products to a shopping cart instead of going through a multi-step process to add the product to their shopping cart." Id. at 16. However, Outlaw fails to provide evidence supporting special damages.  See Leonardini v. Shell Oil Co., 264 Cal. Rptr. 883 (1990) (requiring plaintiff to plead "specific pecuniary loss"); see also Isuzu Motors Ltd. v. Consumers Union of U.S., Inc., 12 F. Supp. 2d 1035, 1047 (C.D. Cal. 1998) ("[U]nder California law, a cause of action for damages for trade libel requires pleading and proof of special damages in the form of pecuniary loss." (citation omitted)).  While the removal of the "Big Box" feature arguably may result in loss of sales, Outlaw does not provide specific evidence demonstrating an actual loss of sales.  Similarly, Outlaw does not provide evidence demonstrating that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**AMENDED CIVIL MINUTES - GENERAL**

| Case No. | 8:22-cv-827-JVS-KESx | Date | December 12, 2022 |
|---|---|---|---|

| Title | Santos Electronics, Inc. v. Outlaw Audio, LLC et al. |
|---|---|

Chai's statement was false.  Although Outlaw claims that it "tested and inspected the amplifier Chai purchased and returned, and found the product to be wholly free from defects," Mot. at 16, it offers no evidence of the findings from these tests or inspections to support its assertion.  As such, Outlaw does not demonstrate a likelihood of success on the merits of its trade libel claim.

> ### B.     Irreparable Harm

"When, as here, a party has not shown any chance of success on the merits, no further determination of irreparable harm or balancing of hardships is necessary."  Glob. Horizons, Inc. v. U.S. Dep't of Lab., 510 F.3d 1054, 1058 (9th Cir. 2007) (citing Sports Form, Inc. v. United Press Int'l, Inc., 686 F.2d 750, 752–53 (9th Cir. 1982)).  Nonetheless, the other elements also weigh against granting a preliminary injunction.

While Outlaw has demonstrated a likelihood of success on the merits of its copyright infringement claim, Outlaw does not satisfy its burden for irreparable harm.  As a preliminary matter, "[p]ast exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects."  City of L.A. v. Lyons, 461 U.S. 95, 102 (1983).  Here, OSD Audio presents evidence of the subsequent versions of the OSD5180 user manual illustrating the various changes made in response to Outlaw's complaints.  See Exs. 9 ("Manual III"), 12 ("Manual IV"), 14 ("Manual V"), Dkt. No. 37-3.  The current version, Manual V, removed the similarities to the Carver HTA5A and Model5000 user manuals, such as the design, font, and color scheme.  Compare Manual V, with Copyright Certificate & Model5000 Manual.  More importantly, OSD Audio altered the text entries of the OSD5180 user manual and removed any similarities previously cited by Outlaw. Compare Mot. at 16–17 and Copyright Certificate & Model5000 Manual, with Manual V. While Outlaw argues that it would still suffer irreparable harm because it has not been confirmed that the infringing manuals were not replaced in the physical copies, it does not identify any adverse effects that would result specifically from having the revisions only online.  See Reply at 13.  Thus, Outlaw fails to show that irreparable harm is likely in the absence of an injunction because OSD5180's Manual V does not infringe on Outlaw's alleged copyright of the Model5000 user manual.  In other words, Outlaw fails to demonstrate "any continuing, present adverse effects" warranting an injunction

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**AMENDED CIVIL MINUTES - GENERAL**

| Case No. | 8:22-cv-827-JVS-KESx | Date | December 12, 2022 |
|---|---|---|---|

| Title | Santos Electronics, Inc. v. Outlaw Audio, LLC et al. |
|---|---|

because OSD Audio removed the allegedly infringing characteristics from Manual V. See Lyons, 461 U.S. at 102.

Additionally, Outlaw does not explain the delay in filing its copyright infringement claim against OSD Audio. The current version of the OSD5180 first entered the market in 2017 "using the alleged infringing manual." Opp'n at 19. However, Outlaw did not file its copyright infringement claim until March 2022, after OSD Audio filed suit. A "long delay before seeking a preliminary injunction implies a lack of urgency and irreparable harm." Oakland Trib., Inc. v. Chron. Pub. Co., 762 F.2d 1374, 1377 (9th Cir. 1985); see also Kiva Health Brands LLC v. Kiva Brands Inc., 402 F. Supp. 3d 877, 897–99 (N.D. Cal. 2019) (finding four-year delay in seeking preliminary injunction demonstrates lack of irreparable harm). Although "delay is but a single factor to consider in evaluating irreparable injury," the five-year delay factors against Outlaw in this instance. Arc of Cal. v. Douglas, 757 F.3d 975, 990 (9th Cir. 2014). As such, Outlaw does not satisfy its burden of demonstrating irreparable harm with regards to its copyright infringement claim.

Outlaw's Lanham Act claims regarding the OSD5180's signal-to-noise ratio fare no better. Outlaw argues that by falsely representing the OSD5180's signal-to-noise ratio, OSD Audio "has gained market share and customers through deceptive and unfair business practices." Mot. at 22. Thus, if left unchecked, Outlaw argues that it "will suffer irreparable harm to its reputation, business relationships, and market share." Id. It is true that "[e]vidence of loss of control over business reputation and damage to goodwill could constitute irreparable harm." Herb Reed Enterprises, 736 F.3d at 1250. However, Outlaw provides no evidence of lost profits or goodwill supporting a finding of irreparable harm. See Open Text, S.A. v. Box, Inc., 36 F. Supp. 3d 885, 906 (N.D. Cal. 2014) ("Although the 'quantum of evidence' required to prove irreparable harm is unclear, case law is clear that the potential for loss of market share is insufficient. [Plaintiff] has not provided to the Court, with any level of specificity, what sales have been lost to [defendant], what [plaintiff's] market share is in relevant market, or any evidence of actual lost customers going to [defendant]." (citation omitted)); see Haas Automation, Inc. v. Denny, No. 2:12-CV-04779, 2014 WL 2966989, at *9 (C.D. Cal. July 1, 2014) (denying preliminary injunction where plaintiff offered no evidence such as lost profits or goodwill to justify an injunction based on a violation of the Lanham Act).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**AMENDED CIVIL MINUTES - GENERAL**

| Case No. | 8:22-cv-827-JVS-KESx | Date | December 12, 2022 |

| Title | Santos Electronics, Inc. v. Outlaw Audio, LLC et al. |

The evidence Outlaw does provide includes screen shots of Amazon customer reviews discussing the missing features of the OSD5180 as described by its former user manual, as well as online forum posts discussing the similarities of the OSD5180 and Model 5000.  Exs. H–M, Dkt. No. 35.  "This evidence, however, simply underscores customer confusion, not irreparable harm."  Herb Reed Enterprises, 736 F.3d at 1250. Without evidence demonstrating a loss of sales or goodwill, Outlaw fails to satisfy its burden of irreparable harm on its Lanham Act claims necessary for a preliminary injunction.

### C. Balance of Equities, Public Interest

To prevail on a motion for preliminary injunction, a party must show that the balance of equities tips in its favor.  All. for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131 (9th Cir. 2011) (quoting Winter, 555 U.S. at 20).  "In each case, a court must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief."  United Artists Corp. v. United Artist Studios LLC, No. CV 19-828, 2019 WL 3293650, at *13 (C.D. Cal. June 3, 2019) (quoting Amoco Prod. Co. v. Village of Gambell, 480 U.S 531, 542 (1987)). Additionally, the Court must "pay particular regard for the public consequences in employing the extraordinary remedy of injunction."  Winter, 555 U.S. at 24.

Here, the balance of equities tips in Outlaw's favor with regards to its Lanham Act claims.  "Indeed, there is no harm to a defendant from an injunction which prevents continuing dissemination of false statements."  POM Wonderful LLC v. Purely Juice, Inc., No. CV-07-02633, 2008 WL 4222045, at *16 (C.D. Cal. July 17, 2008), aff'd, 362 F. App'x 577 (9th Cir. 2009) (unpublished).  Because OSD Audio's statement regarding the OSD5180 signal-to-noise ratio is literally false, OSD Audio faces no harm if required to refrain from using this misrepresentation.  Similarly, the public interest factor weighs in Outlaw's favor.  "There is a strong public interest in preventing false advertising of products in the marketplace."  Homeland Housewares, LLC v. Euro-Pro Operating LLC, No. CV 14-03954, 2014 WL 4187982, at *6 (C.D. Cal. Aug. 22, 2014).  As such, the balance of equities and public interest lean towards issuing a preliminary injunction.

However, the balance of equities and public interest factors weigh against Outlaw with regards to its copyright infringement claim.  While "the public has a compelling

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**AMENDED CIVIL MINUTES - GENERAL**

| Case No. | 8:22-cv-827-JVS-KESx | Date | December 12, 2022 |
|---|---|---|---|

| Title | Santos Electronics, Inc. v. Outlaw Audio, LLC et al. |
|---|---|

interest in protecting copyright owners' marketable rights to their work and the economic incentive to continue creating television programming," <u>Disney Enterprises, Inc. v. VidAngel, Inc.</u>, 869 F.3d 848, 867 (9th Cir. 2017), Outlaw failed to demonstrate that it will suffer irreparable harm.  As such, Outlaw fails to satisfy its burdens with regards to the balance of equities and public interest factors.

## IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** the motion.

**IT IS SO ORDERED.**